SHEPARD, Chief Justice,
dissenting.
Today’s decision means that a good many Hoosiers will have to wait longer for their day in court. People who have suffered personal injuries will have their jury trials delayed. Children whose future custody is up in the air will receive a ruling later rather than sooner. Indeed, criminal defendants seeking relief from unlawful searches will need to stay in custody a little longer.
The attention these and other litigants now receive is instead being transferred to the very most abusive of the frequent filers in the state’s prisons.
The Court has chosen an excellent poster boy to highlight the policy embedded in its ruling. Eric Smith initiated thirteen civil appeals just in 2005-06. Other prisoners being given relief today have generated even more.
Many of Smith’s lawsuits have been formally adjudicated as frivolous — either by trial courts or appellate courts or both. This is not easy to achieve in Indiana’s legal system, which affords all convicted defendants an appeal at public expense and a collateral attack on their convictions at public expense. And ours is a court system in which judicial officers lean mightily against declaring claims or lawsuits frivolous in order to keep open the courthouse door.
Against this backdrop, Mr. Smith’s achievement in the field of filing serial lawsuits is an impressive one.
The majority rates the cause of assuring Smith a hearing on the merits of every lawsuit he chooses to file as so important to the life of our state that it takes the extraordinary step of invalidating the General Assembly’s effort to assure access to justice for all of Indiana’s citizens.
The decision to do so is not compelled by the organic documents of Western justice. One can revere Magna Carta and still say with confidence that those who created it would be appalled that so many citizens should be pushed aside to make room for prison litigants pursuing their fifteenth or one hundred fifteenth lawsuit. The majority’s assurance that ordinary citizens will not be disadvantaged by today’s ruling is really quite paradoxical. Not much time will be required to afford multiple filers the due process Americans hold as so important, my colleagues say, because trial judges will normally dismiss their pleadings by doing only a little more than reading the prisoner’s name.
SULLIVAN, Justice,
dissenting.
The majority’s opinion goes much further than necessary on these facts to protect a Hoosier’s cherished right of access to the courts. The principle that the majority admirably seeks to vindicate could be just as easily accomplished by declaring the statute constitutional as applied here, but recognizing that there may be circumstances when that would not be so.
By going further than it must, the majority needlessly creates opportunities for those who would abuse the right of access by filing multiple frivolous lawsuits. For every case these frequent filers pursue, a trial or appellate court either has less time for cases of divorce, child abuse, and crime, or the Legislature and property tax *812 payers must provide additional resources to the courts so that all the above needs may be met. The Legislature struck a reasonable balance here in saying that a prisoner who abuses his rights under article I, section 12, of the Indiana Constitution three times may not do so again unless in immediate danger of serious bodily injury. There may be other appropriate exceptions, as the Court suggests. But because those exceptions are not present here, I see no basis for finding the statute unconstitutional in this case, either on its face or as applied.